UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------X

RYAN PRENDERGAST,

                              Plaintiff,

              -against -

ANALOG MODULES, INC.,

                              Defendant.

-----------------------------------------------------X

**08 1329**

**GLEESON, J.**

**COMPLAINT**

Plaintiff demands a trial by jury

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★
APR 02 2008   ★
BROOKLYN OFFICE

**POHORELSKY, M.J.**

Plaintiff, by his attorneys AKIN & SMITH, LLC., complaining of defendant herein, respectfully allege upon information and belief as follows:

1.     That at all times hereinafter mentioned, Plaintiff, RYAN PRENDERGAST, was and still is a resident of the State of New Jersey.

2.     That at all times herein mentioned, defendant ANALOG MODULES, INC., was and is a foreign corporation.

3.     That at all times herein mentioned, defendant ANALOG MODULES, INC committed a tort outside the State of New York causing injury within the State of New York.

4.     That at all times herein mentioned, defendant ANALOG MODULES, INC committed a tortious act within the State of New York.

5.     This Court has jurisdiction over this matter since the plaintiff is a citizen of the State of New Jersey, and ANALOG MODULES, INC is a Florida corporation with complete diversity of citizenship and the matter in controversy exceeds, exclusive of interests and costs, the sum of $100,000.00.

6.    That at all times relevant, defendant ANALOG MODULES, INC. manufactured a power supply known as the 5700 Series Capacitor charging power supply.

7.    That at all times relevant, defendant sold the above power supply.

8.    That the defendant sold the above power supply to be used as a charging power supply.

9.    That said sale was made in the ordinary course of business.

10.    That at all times relevant, defendant distributed the above power supply.

11.    That at all times relevant, defendant placed the above power supply into the stream of commerce.

12.    That at all times relevant, the Defendant ANALOG MODULES, INC. was and is in the business of manufacturing and selling the above power supply.

13.    That at all times relevant, defendant ANALOG MODULES, INC. designed, tested, manufactured, inspected, labeled, promoted and sold the above power supply.

14.    That at all times hereinafter mentioned the above said power supply was negligently manufactured and designed by the defendant, ANALOG MODULES, INC.

15.    That at all times hereinafter mentioned the above said power supply was defective and unfit for its intended use.

16.    Prior to July 7, 2006 Defendant sold and/or distributed the above power supply to Hoya ConBio also known as Hoya Photonics, Inc. located at 47733 Fremont Boulevard, Fremondt, CA.

17.    Prior to July 7, 2006, the above power supply was assembled to store the energy for a Laser Device Model "Medlite C6" at Hoya ConBio also known as Hoya Photonics, Inc. located at 47733 Fremont Boulevard, Fremondt, CA.

18.    Prior to July 7, 2006, the above power supply was in use at Dr. Smetana's office, 225

East 95th Street Apt 27K, New York, NY 10128

19.    That on or about July 7, 2006, Plaintiff was an employee of Hoya ConBio also known as Hoya Photonics, Inc. located at 47733 Fremont Boulevard, Fremondt, CA.

20.    That on or about the 7th day of July 2007 plaintiff was repairing the above power supply at Dr. Smetana's office, 225 East 95th Street Apt 27K, New York, NY 10128.

21.    That upon information and belief there are three other similar failures caused by this high voltage power supply.

22.    That while repairing the above high voltage power supply; the power supply failed and discharged high amounts of electricity into plaintiff. Plaintiff suffered severe and permanent injuries.

23.    That as a result of the aforesaid occurrence, plaintiff sustained severe and permanent personal injuries including but not limited to electrocution, bleeding from the eyes, nose, ears, and mouth and has been rendered sick, sore, lame and disabled and upon information and belief, some of these injuries are permanent; that he has been unable to pursue his usual vocational and recreational activities for some time; that he has been confined to bed and home for some time; that he has been compelled to submit himself to hospital and medical care and attention and to incur various sums of money therefor in an endeavor to cure or alleviate his said injuries and that he has been compelled to suffer physical pain, mental anguish and emotional distress.

24.    That plaintiff's injuries were caused by reason of the negligence, carelessness and recklessness of the Defendant.

## AS AND FOR A FIRST CAUSE OF ACTION FOR
## BREACH OF EXPRESS AND IMPLIED WARRANTY

25.     The plaintiff repeats, reiterates and restates all the above paragraphs which are hereby

included herein as if set forth more fully at length.

26.     That Defendant ANALOG MODULES, INC., expressly and impliedly warranted, to all

persons whom they could reasonable foresee would be injured by use of this product, that

said power supply was fit for the purpose for which it was intended.

27.     That the defendant expressly and impliedly warranted that said power supply was safe in

every respect; that it had been manufactured, produced, tested, inspected and distributed

in a good, safe and proper condition, and that it was safe for use with all the proper and

necessary warnings and instructions.

28.     That the defendant expressly and impliedly warranted that said power supply was of

merchantable quality and was safe for use.

29.     That the defendants warranted that the above said power supply was reasonable safe for

its intended purpose.

30.     That relying on said express and implied warranties of the defendant; Plaintiff RYAN

PRENDERGAST operated the laser device that the said power supply stores the energy.

31.     That defendant breached its warranties made to Plaintiff.

32.     That the representations and warranties made were false, misleading and inaccurate in

that the product utilized by the Plaintiff, RYAN PRENDERGAST, when put to the test

of actual performance, was and proved to be unfit, unsound, unsuitable, defective and

unsafe for the purpose for which it was intended.

33.     That as a result of defendants' breach of its warranties, express and/or implied, plaintiff,

RYAN PRENDERGAST, suffered severe, serious and permanent injuries.

34.     That by reason of the aforesaid breach, plaintiff, RYAN PRENDERGAST, suffered severe injury, all to his great damage in an amount, which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR NEGLIGENCE

35.     The plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

36.     That on July 7, 2006, the Plaintiff, RYAN PRENDERGAST, was repairing said Laser Device bearing model Medlite C6 in the manner for which he was instructed when, without any notice or warning to the Plaintiff, as a direct and proximate result of the Defendants' negligence, Plaintiff came into contact with the said power supply and the current jumped through the wrench into him, causing him to suffer severe and permanent personal injuries.

37.     That said power supply contained a hidden, latent and complex defect, which was not discoverable by the Plaintiff, RYAN PRENDERGAST.

38.     That the aforesaid injuries sustained by the plaintiff were caused by the negligence, carelessness and recklessness of the defendants, their agents, servants and/or employees in the production, preparation, manufacture, testing, inspection, care of, research of, distribution, storing and sale of the aforesaid power supply; in failing to ascertain that said power supply was unfit for use; in failing to inspect, timely inspect and/or properly inspect said product; in failing to adapt and use the latest technology and/or safety

features available for said power supply; in failing to warn plaintiff of the dangers in using said product; in failing to test and/or properly test said product to ascertain its fitness for use; in failing to note and adhere to industry standards in the use and manufacture and warning; and otherwise being negligent under the circumstances.

39.     That the defendants were negligent in failing to provide instructions, and/or proper instructions to distributors and/or purchasers of the above said power supply.

40.     That the Defendants had notice of the defective condition and failed to utilize reasonable care to remedy the same and/or apply technology available to address the same.

41.     That by reason of the aforesaid, plaintiff, RYAN PRENDERGAST, suffered severe injury, all to his great damage in an amount, which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION
## FOR FAILURE TO WARN

42.     The plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

43.     Defendants failed to label and/or failed to properly label the aforesaid power supply.

44.     Defendants failed to issue the proper warning and/or instructions for the aforesaid power supply.

45.     Defendants failed to provide instructions, and/or proper instructions to distributors and/or purchasers and more specifically the Plaintiff RYAN PRENDERGAST herein, regarding the subject power supply.

46.     Defendants failed to give plaintiff, RYAN PRENDERGAST, an opportunity to avoid the occurrence herein.

47. Defendants were negligent in the labeling of the subject Power supply and in the warnings made to plaintiff, RYAN PRENDERGAST, regarding the risks and/or dangers in repairing the said power supply.

48. That by reason of the aforesaid breach, plaintiff, RYAN PRENDERGAST, suffered severe injury, all to his great damage in an amount, which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR
## STRICT PRODUCTS LIABILITY/PRODUCTS LIABILITY

49. The plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

50. That the said products were dangerous and defective and that said defects were a substantial factor in causing the injury to plaintiff, RYAN PRENDERGAST.

51. That Defendants assumed a strict liability to all persons to whom they could reasonably foresee would be injured by said dangerous condition of said power supply, which was not fit for the purpose intended.

52. That Defendant, ANALOG MODULES, INC, defectively designed the above said power supply.

53. That Defendant, ANALOG MODULES, INC, defectively manufactured the above said power supply.

54. That by reason of the foregoing, the Defendants, their agents, servants, licensees, and/or employees are liable to the plaintiff, RYAN PRENDERGAST, for strict liability and tort and/or strict products liability.

55.    That at all times herein, the Defendants were wanton, reckless and their acts constitute gross negligence.

56.    That by reason of the aforesaid breach, plaintiff, suffered severe injury, all to his great damage in an amount, which exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR
## PUNITIVE DAMAGES

57.    The Plaintiffs repeats, reiterates and restates all the above paragraphs which are included herein as if set forth more fully at length.

58.    That at all times herein, defendant was wanton, reckless and constituted gross negligence.

59.    That by reason of the aforesaid breach, plaintiffs seeks an amount, which exceeds the jurisdictional limits of all lower Courts.

WHEREFORE, Plaintiffs prey for a judgment against the Defendants in an amount to be determined at the time of trial, together with pre-judgment interest and cost of this action as set forth herein.

## JURY DEMAND

Plaintiffs hereby demand a trial by a jury on their complaint in the above-entitled action.

Dated:  New York, New York
        March 28, 2008

Respectfully submitted,

AKIN & SMITH, LLC
Attorneys for Plaintiff

By: Derek T. Smith (DTS/1747)
305 Broadway, Suite 1101
New York, New York 10007
(212) 587-0760

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

RYAN PRENDERGAST,

                          Plaintiff,

          -against -


ANALOG MODULES, INC.,
                          Defendant.

-------------------------------------------------------X


SUMMONS AND COMPLAINT


AKIN & SMITH, LLC
Attorneys for Plaintiff
305 Broadway, Suite 1101
New York, New York 10007
(212) 587-0760

JS 44 (Rev. 11/04)

## CIVIL COVER SHEET

08  1329

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
RYAN PRENDERGAST
6 Sussex Road, Marleton, NJ 08053

**DEFENDANTS**
ANALOG MODULES, INC.
126 Baywood Avenue, Longwood, FL 32750

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AKIN & SMITH, LLC 305 BROADWAY, SUITE 1101
NEW YORK, NEW YORK, 10007

Attorneys (If Known)

GLEESON, J.

FILED
U.S. DISTRICT COURT E.D.N.Y.
APR ... 2008
BROOKLYN OFFICE

POHORELSKY, M.J.

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                   and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause: Strict Products Liability, Negligence, Breach of Warranty, Failure to Warn

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE 3 28 08    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## ARBITRATION CERTIFICATION

I,_____, counsel for _____do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs. _____ Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:
_____

**Please refer to NY-E Division of Business Rule 50.1(d)(2)**

1.) Is the civil action being filed in the Eastern District of New York removed from a New York State court located in Nassau or Suffolk County: NO

2.) If you answered "no" above:

a.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? NO

b.) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? YES

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County? _____

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

Yes____✓____                                   No_____

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes_____(If yes, please explain)          No____✓____
_____

_____

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).

**ATTORNEY BAR CODE**: DTS 1747

**E-MAIL Address**: dtslaws@msn.com

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

Signature: _____

United States District Court
Eastern District of New York

---

Ryan Prendergast

                       Plaintiff,                Index No.

      -against-

Analog Modules, Inc.                             STIPULATION

                       Defendants.

---

     The time for the defendant, Analog Modules, Inc. to appear, answer or otherwise

plead in the above entitled action is hereby extended up to and including May 20, 2008.

Dated: New York, New York
      May 07, 2008

     By: _____

        Akin and Smith LLC

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

RYAN PRENDERGAST,

    Plaintiff,

vs.

ANALOG MODULES, INC,

    Defendant.

_____

**ANSWER OF DEFENDANT
ANALOG MODULES, INC.**

Civil No.: 1:08-cv-01329-JG-V V P

   Defendant ANALOG MODULES, INC. (hereafter "ANALOG"), by and through its attorneys, Goldberg Segalla LLP, as and for its answer to the complaint of Plaintiff RYAN PRENDERGAST (hereafter "Plaintiff") states as follows:

   1.  Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 1, 5, 16, 18, 19 and 20 of the complaint.

   2.  Admits the allegations contained in paragraph 2 of the complaint.

   3.  Denies the allegations contained in paragraphs 3, 4, 14, 15, 17, 21, 22, 23 and 24 of the complaint.

   4.  Denies in the form alleged the allegations contained in paragraphs 6, 7, 8, 12 and 13 of the complaint as the references therein to the "charging power supply" or the "above power supply" are unclear.

   5.  Unable to set forth an answer with respect to the allegations contained in paragraphs 9, 10 and 11 of the complaint as they call for legal conclusions. However, insofar as ANALAOG is required to answer, it denies the allegations.

## AS AND FOR AN ANSWERTO THE "FIRST CAUSE OF ACTION FOR BREACH OF EXPRESS AND IMPLIED WARRANTY"

6.      As and for an answer to paragraph 25 of the complaint, ANALOG repeats and realleges its answers to paragraphs 1 through 24 with the same force and effect as if fully set forth herein.

7.      Unable to set forth an answer with respect to the allegations contained in paragraphs 26, 27, 28 and 29 of the complaint as they call for legal conclusions.  However, insofar as ANALAOG is required to answer, it denies the allegations

8.      Denies the allegations contained in paragraphs 30, 31, 32, 33 and 34 of the complaint.

## AS AND FOR AN ANSWER TO THE "SECOND CAUSE OF ACTION FOR NEGLIGENCE"

9.      As and for an answer to paragraph 35 of the complaint, ANALOG repeats and realleges its answers to paragraphs 1 through 34 with the same force and effect as if fully set forth herein.

10.      Denies the allegations contained in paragraphs 36, 37, 38, 39, 40 and 41 of the complaint.

## AS AND FOR AN ANSWERTO THE "THIRD CAUSE OF ACTION FOR FAILURE TO WARN"

11.      As and for an answer to paragraph 42 of the complaint, ANALOG repeats and realleges its answers to paragraphs 1 through 41 with the same force and effect as if fully set forth herein.

12.      Denies the allegations contained in paragraphs 43, 44, 45, 46, 47 and 48 of the complaint.

2

## AS AND FOR AN ANSWER TO THE "FOURTH CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY/PRODUCTS LIABILITY"

13.     As and for an answer to paragraph 49 of the complaint, ANALOG repeats and realleges its answers to paragraphs 1 through 48 with the same force and effect as if fully set forth herein.

14.     Denies the allegations contained in paragraphs 50, 51, 52, 53, 54, 55 and 56 of the complaint.

## AS AND FOR AN ANSWER TO THE "FIFTH CAUSE OF ACTION FOR PUNITIVE DAMAGES"

15.     As and for an answer to paragraph 57 of the complaint, ANALOG repeats and realleges its answers to paragraphs 1 through 56 with the same force and effect as if fully set forth herein.

16.     Denies the allegations contained in paragraphs 58 and 59 of the complaint.

17.     Denies each and every allegation in all causes of action not heretofore controverted.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.     Plaintiff's complaint fails to state a claim against ANALOG upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.     The damages allegedly sustained by Plaintiff were not proximately caused by any negligence or culpable conduct on the part of ANALOG.

3

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     Upon information and belief, Plaintiff's damages were caused and brought about by an intervening and superseding cause and were not caused by or contributed to by ANALOG or a person or entity for whom ANALOG is responsible.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     Pursuant to §1411 and other applicable provisions of the Civil Practice Laws and Rules, if Plaintiff sustained any injuries or damages at the time and place alleged in the complaint, such injuries and/or damages were the result of the culpable conduct of the Plaintiff, or were the result of the Plaintiff's assumption of risk.  Accordingly, responsibility for any damages sustained by Plaintiff is to be apportioned among the Plaintiff and other parties according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     The liability of ANALOG, if any, is fifty percent or less of the total liability of all persons or entities liable, thus entitling ANALOG to the limitations of liability provided under Article 16 of the Civil Practice Law and Rules.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     Pursuant to CPLR §4545, the amount of any judgment in favor of Plaintiff must be reduced by the amount Plaintiff receives or with reasonable certainty will receive from any collateral source.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

24.     If a product placed into the stream of commerce by ANALOG was involved in the subject incident, which is expressly denied, the alleged damages were the result of the product having been used in a manner not intended by ANALOG or any intermediate user or in a manner

4

not in accordance with the instructions and labels provided with it or with known safety practices.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

25.    If a product placed into the stream of commerce by ANALOG was involved in the subject occurrence, which is expressly denied, said product at all times conformed with the current state-of-the art or knowledge of trade or industry customs and standards applicable at that time in the industry which produced such products, and was designed, manufactured, distributed and sold with due care.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

26.    If Plaintiff sustained injuries or risk of injuries in this action, which allegations are expressly denied, the injuries or risk of injuries were solely caused by and attributable to the unintended, unreasonable, and improper use which Plaintiff made of the product(s).

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

27.    If a product placed into the stream of commerce by ANALOG was involved in the subject incident, which is expressly denied, when said product left ANALOG's control, it was not defective and was merchantable and reasonably safe for its intended uses in relation to product users.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

28.    If a product placed into the stream of commerce by ANALOG was involved in the alleged incident, which is expressly denied, such product was accompanied by adequate warnings and instructions at the time it left the possession of ANALOG.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

29.    Upon information and belief, Plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and/or damages alleged in the Complaint.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

30.     Upon information and belief, some or all of Plaintiff's causes of action against ANALOG are barred by the applicable statute of limitations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

31.     Upon information and belief, Plaintiff could, with due diligence, have obtained personal jurisdiction over tortfeasors not a party to this lawsuit, and thus, the culpability of these missing or absent tortfeasors may be computed into the apportionment of total culpability causing the subject occurrence.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

32.     Upon information and belief, there is no proper basis upon which the Court may assert jurisdiction over ANALOG.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

33.     Upon information and belief, the Plaintiff's complaint fails to state a claim for punitive damages upon which relief can be granted.

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

34.     Upon information and belief, any award of punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the New York State Constitution, Article I, Section 6.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

35.     Upon information and belief, any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process

Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the New York State Constitution, Article I, Section 6.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

36.    Upon information and belief, any award of punitive damages would be in denial of ANALOG'S right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and the New York State Constitution, as the absence of adequate and objective standards for the assessment of punitive damages fails to ensure the equality of treatment between similarly situated civil defendants and equality of treatment between criminal defendants and civil defendants.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

37.    Upon information and belief, any award of punitive damages would violate ANALOG'S Due Process rights embraced by the Fifth and Fourteenth Amendments to the United States Constitution and the New York Constitution, as a punitive damage award would require a deprivation of property without due process of law.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

38.    Upon information and belief, any award of punitive damages would violate the Commerce Clause of Article I of the United States Constitution, constituting an undue and unreasonable burden on interstate commerce, and to the extent it punishes acts or omissions which have occurred outside state boundaries.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

39.    Upon information and belief, any award of punitive damages would violate ANALOG'S right under the Contract Clauses of the United States Constitution and the New York State Constitution, as it would impair the contractual obligations of parties to this action.

7

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

40.    Upon information and belief, an award of punitive damages in this action would contravene the constitutional prohibitions against *ex post facto* laws.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

41.    Plaintiff's demand for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

42.    ANALOG was not properly served with process in the within action.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

43.    Upon information and belief, the spoliation of the product at issue, its alleged defective component parts and/or its packaging has deprived ANALOG of its full and unfettered opportunity to establish and present a defense herein, thus entitling it to dismissal of the claims against it.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

44.    Upon information and belief, the Eastern District of New York is an improper venue for this action.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

45.    ANALOG reserves its right to assert any additional affirmative defenses and claims of avoidance as may be appropriate based upon the facts or issues disclosed during the course of additional investigation and discovery.

**WHEREFORE**, Defendant ANALOG MODULES, INC. hereby demands judgment:

      a.     dismissing the Complaint;

      b.     in the event that Plaintiff is entitled to recover, that such damages be diminished in proportion to which the culpable conduct attributable to the Plaintiff bears to the culpable conducting causing such damages;

      c.     apportioning fault between all parties; and

      d.     directing such other, further and different relief which may be just, proper and equitable, together with the costs and disbursements therein.

DATED:  White Plains, New York
         May 20, 2008

                         GOLDBERG SEGALLA LLP

                         Michael D. Shalhoub, Esq. (MS 2879)
                         **Attorneys for Defendant**
                         *Analog Modules, Inc.*
                         170 Hamilton Ave., Suite 203
                         White Plains, New York 10601-1717
                         (914)798-5471

TO:    Derek T. Smith, Esq.
       AKIN & SMITH, LLC
       *Attorneys for Plaintiff*
       305 Broadway, Suite 1101
       New York, New York 10007
       (212) 587-0760

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2008, I electronically filed the foregoing Answer and Affirmative

Defenses to Complaint with the Clerk of the Eastern District Court using its CM/ECF system, which

would then electronically notify the following CM/ECF participant on this case:

TO:    Derek T. Smith, Esq.
        AKIN & SMITH, LLC
        *Attorneys for Plaintiff*
        305 Broadway, Suite 1101
        New York, New York 10007
        (212) 587-0760

And, I hereby certify that I have mailed the foregoing, by the United States Postal Service, to the

following non-CM/ECF participants:

TO:    Derek T. Smith, Esq.
        AKIN & SMITH, LLC
        *Attorneys for Plaintiff*
        305 Broadway, Suite 1101
        New York, New York 10007
        (212) 587-0760

                    s/Michael D. Shalhoub
                    Michael D. Shalhoub, Esq. (MS2879)
                    Goldberg Segalla LLP
                    170 Hamilton Avenue, Suite 203
                    White Plains, New York 14202
                    Tel: (914) 798-5400
                    mshalhoub@goldbergsegalla.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

RYAN PRENDERGAST,

    Plaintiff

    vs.                                             **1:08-cv-1329-JG**

ANALOG MODULES, INC.

    Defendant.

---

## CORPORATE DISCLOSURE STATEMENT OF
## DEFENDANT ANALOG MODULES, INC.

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Defendant ANALOG MODULES, INC. hereby states as follows:

1.      100 percent of the stock of ANALOG MODULES, INC. is owned by HEICO ELECTRONIC TECHNOLOGIES CORP.

2.      HEICO ELECTRONIC TECHNOLOGIES CORP. is a segment of HEICO CORPORATION, a corporation whose securities are publicly traded.

Dated:   May 20, 2008

                           Respectfully Submitted,


                           _____/S/_____

                           Michael D. Shalhoub, Esq. (MS 2879)
                           **Attorneys for Defendant**
                           *Analog Modules, Inc.*
                           170 Hamilton Ave., Suite 203
                           White Plains, New York 10601-1717
                           (914)798-5471

TO:    Derek T. Smith, Esq.
         AKIN & SMITH, LLC
         *Attorneys for Plaintiff*
         305 Broadway, Suite 1101
         New York, New York 10007
         (212) 587-0760

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2008, I electronically filed the foregoing Rule 7.1

Disclosure Statement with the Clerk of the Eastern District Court using its CM/ECF system,

which would then electronically notify the following CM/ECF participants on this case:

Derek T. Smith, Esq.
AKIN & SMITH, LLC
*Attorneys for Plaintiff*
305 Broadway, Suite 1101
New York, New York 10007
(212) 587-0760

_____/S/_____

Michael D. Shalhoub, Esq. (MS 2879)
**Attorneys for Defendant**
*Analog Modules, Inc.*
170 Hamilton Ave., Suite 203
White Plains, New York 10601-1717
(914)798-5471

392742.1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
**Ryan Prendergast**

                                                                **CV 8-1329(JG)**

**-v-**

**Analog Modules, Inc.**
-----------------------------------------------------X

### NOTICE DESIGNATING CASE FOR COURT ANNEXED ARBITRATION

    This case has been designated to participate in the Court Annexed Arbitration Program begun on January 1, 1986 in the Eastern District of New York.  In accordance with Local Civil Rule 83.10(d)(A), the plaintiff may have the case withdrawn from Arbitration by filing a **Certification** stating that the damages sought exceed the arbitration limit of **$150,000.00** within 30 days of referral to Arbitration**.**  Damages are presumed <u>not</u> to be in excess of the arbitration limit unless a certification is filed.

    **Counsel have 90 days to complete discovery unless the judge to whom the case has been assigned orders a shorter or longer period for discovery. It is not anticipated that matters selected for arbitration will require discovery directions.  If a dispute arises which requires a ruling on a question related to discovery, you must move promptly before the assigned Magistrate or (if the District Judge has decided to rule on discovery matters) before the judge.  Attorneys cannot adjourn or change the arbitration hearing date  without approval from the Court or the assigned Arbitrator under certain conditions.  <u>The Arbitrator assigned to hear the case  is not authorized to extend the discovery period.</u>**

**ALL REQUESTS TO EXTEND DISCOVERY <u>MUST BE FILED AS A MOTION VIA ECF.</u>**

**ALL REQUESTS TO ADJOURN AN ARBITRATION HEARING MUST BE FILED AS <u>A MOTION VIA  ECF</u>  WITH A COPY TO THE ARBITRATION CLERK.  NO PHONE CALLS.**

        You may refer to the  Local Civil Rules of the U.S. District Court, Southern and Eastern District of New York on our web site, **www.nyed.uscourts.gov/adr.**

Dated May 29, 2008

cc:    Counsel

    EFFECTIVE AUGUST 2004, IT IS MANDATORY THAT ALL DOCUMENTS BE FILED ELECTRONICALLY (ECF).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------X
**Ryan Prendergast**

                                                        CV 8-1329(JG)

**-v-**

**Analog Modules, Inc.**
-----------------------------------------------------X


## NOTICE RESCHEDULING ARBITRATION  HEARING

   An arbitration hearing is  scheduled for   **October 7, 2008 @ 10:00 a.m.**

 The standard Local Arbitration Rules specify that  have 90 days to complete discovery.  This is subject to change as other deadlines may be specified by the District Court Judge or Magistrate Judge.  The judge may refer the matter to a magistrate for the purposes of discovery. **Rules governing Arbitration can be found at:**
 **www.nyed.uscourts.gov/adr**

         At a later date you will receive a copy of the Court's Order setting forth the name of the arbitrator(s) who will hear this case. **If you do not receive this Order at least 30 days prior to the hearing date please contact the Arbitration Clerk.**   This document will  be filed on the electronic docket  via (ECF).   **If the case settles, please notify the Court promptly and the Arbitrator (if one has been assigned)**.

 The Federal Rules of Evidence shall be used as guides to the admissibility of evidence.  Copies of photographs of all exhibits, except those intended solely for impeachment, must be marked for identification and delivered to adverse parties at least ten days prior to the hearing.

   A party may have a recording and transcript made of the arbitration hearing, but that party shall make all necessary arrangements and bear all expenses thereof.

   All correspondence regarding this hearing, including requests to change the date must  be filed electronically (ECF).  When an arbitrator has been assigned to hear the case, he or she must be made aware of settlement of the case and any request to adjourn the scheduled hearing.


May 29, 2008

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**------------------------------------------------------X**
**Ryan Prendergast**

                                                    **CV 8-1329(JG)**

**-v-**

**Analog Modules, Inc.**
**------------------------------------------------------X**


**To: Attorneys**:

        **You cannot change this hearing date unless you have written**

**permission from the arbitrator  or a judge from this court.     Settlement of**

**this case, including tentative settlement, should be reported to the Court,**

**via ECF and reported to the Arbitrator  - immediately.   Phone calls**

**will not be accepted.**  Failure to comply may result in an Order to Show Cause

hearing before the  Magistrate Judge.

        Effective August 2004, the Eastern District of New York implemented

Electronic Case Filing (ECF) .   All documents must be filed electronically.  If you are not

registered for ECF, call 718-613-2571 for further information.    All requests, including

requests to adjourn must be in writing and  forwarded to the Court and the Arbitrator.

Do  not ask the Arbitrator to extend discovery, this must be done by t he

court.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

                                           Case No. CV 8-1329

RYAN PRENDERGAST,

                Plaintiff,                      **<u>CERTIFICATION</u>**

        -against -

ANALOG MODULES, INC.,
                        Defendant.

----------------------------------------------------------X

        I, Derek T. Smith, do hereby state that the damages sought in the herein case exceed the arbitration limit of $150,000.

        I therefore respectfully request that the case be withdrawn from Arbitration.

Dated:  New York, New York
       May 30, 2008

                                         Respectfully submitted,

                                         AKIN & SMITH, LLC
                                       Attorneys for Plaintiff

                                       _/s/_____
                                       By: Derek T. Smith (DTS/1747)
                                     305 Broadway, Suite 1101
                                     New York, New York 10007
                                     (212) 587-0760

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
RYAN PRENDERGAST,

                                **ORDER**

               Plaintiff,           CV 08-1329 (JG)(VVP)

     - against -

ANALOG MODULES, INC.,

               Defendant.
----------------------------------------------------------------------X

     An initial conference will be held in this case on **July 24, 2008** at **11:00 a.m.** before Viktor V. Pohorelsky, United States Magistrate Judge.  All participants are directed to report to Courtroom 13A South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York.  All counsel must be present.

     All requests for adjournments must be made in writing on notice to opposing parties. No request for adjournment will be considered unless made at least forty-eight (48) hours before the scheduled conference.  Requests must disclose whether or not all parties consent to the adjournment.

     The parties are reminded of their obligations under Rule 26(f) of The Federal Rules of Civil Procedure, and all parties are directed to make the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than ***five days before*** the above scheduled conference.

          **Failure to make the required disclosures may result in the imposition of sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure.**

                    **SO ORDERED.**

                    *Viktor V. Pohorelsky*
                    VIKTOR V. POHORELSKY
                    United States Magistrate Judge

Dated: Brooklyn, New York
       June 18, 2008

**NOTE:**      **PLAINTIFF'S COUNSEL IS DIRECTED TO CONFIRM WITH ALL OTHER COUNSEL THAT ALL NECESSARY PARTIES ARE AWARE OF THIS CONFERENCE.**

# GS GOLDBERG SEGALLA LLP

### *Attorneys at Law*

Michael D. Shalhoub

Direct Dial 914.798.5471
mshalhoub@goldbergsegalla.com

170 Hamilton Avenue/Suite 203
White Plains, New York 10601-1717
914.798.5400  FAX 914.798.5401
www.goldbergsegalla.com

June 23, 2008

Hon. John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    Ryan Prendergast v. Analog Modules, Inc.
       **Case No.:    1:08-cv-1329(JG)(VVP)**
       Our File:    7653.0001

Dear Judge Gleeson:

We are defense counsel to Analog Modules, Inc., in the above referenced action. Pursuant to Your Honor's rules, we are writing to request a pre-motion conference. We respectfully submit that the Eastern District of New York is not a proper venue for the instant action, and that the case should be transferred to the United States District Court for the Southern District of New York.

Plaintiff claims that on July 7, 2007, he was performing a service call on a medical device at a physician's office in Manhattan when he received an electrical shock. At the time of the alleged accident, plaintiff was employed with non-party, Hoya ConBio a/k/a Hoya Photonics, Inc., and was performing service on a "Laser Device Model 'Medlite C6'," manufactured and sold by Hoya ConBio. According to the Complaint, a "5700 Series Capacitor charging power supply," manufactured by Analog Modules, Inc., was a component part and was used to supply power to the Laser Device. Plaintiff alleges that the component part supplied by Analog Modules, Inc. was defective and caused him personal injuries.

Subject matter jurisdiction in this action is based upon diversity of citizenship of the parties. Plaintiff is a resident of the State of New Jersey. Defendant, Analog Modules, Inc., is a Florida Corporation.

It is respectfully submitted that the Eastern District of New York is not a proper venue for this action. Pursuant to 28 U.S.C. § 1391:

Re:  Ryan Prendergast v. Analog Modules, Inc.

**Case No.:    1:08-cv-1329**

Our File:    7653.0001                                                    Page 2

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Section 1391(c) defines the residence requirement for corporate defendants as "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Pursuant to this provision, an action against a corporate defendant may be brought in the district where the defendant was incorporated, any district where it is licensed to do business, or any district that passes the corporate "doing business" test. Factors to consider under this test include: "(1) the existence of an office in New York; (2) the solicitation of business in New York; (3) the existence of bank accounts or other property in New York; and (4) the presence of employees in New York." Mende v. Milestone Tech., 269 F.Supp.2d 246 (S.D.N.Y. 2003).

Analog Modules, Inc., is a Florida corporation, with its principal place of business in Hollywood, Florida, and its manufacturing facility in Longwood, Florida. It does not maintain an office, nor any employees, in the State of New York.

Under 28 U.S.C. § 1391(c), the New York State longarm statute, CPLR 302, must also be considered. Under this statute, a foreign corporation is subject to personal jurisdiction where it

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;

NY CPLR 302. These factors only serve to provide a basis for personal jurisdiction against a foreign defendant where the company's New York acts form the basis of the action.

In the instant action, the device that is the subject of this action was manufactured at the Analog Modules, Inc., facility in Longwood, Florida. Thereafter, the device was shipped to Hoya ConBio in Fremont, California. For the purposes of the longarm statute, Analog Modules, Inc., made no affirmative act involving New York. As a result, the provisions of CPLR will not provide a basis for personal jurisdiction over Analog Modules, Inc., in the Eastern District of New York.

It is respectfully submitted that Analog Modules, Inc., would not be subject to personal jurisdiction in the Eastern District, if the district were a State, pursuant to the provisions of 28 U.S.C. 1391 (a)(1). As a result, the provisions of subsection (2) must be examined.

Under 28 U.S.C. 1391 (a)(2), venue in a diversity action may be placed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The alleged accident that gives rise to this action occurred in the office of Dr. Dennis Smetana, 225 East 95th Street, New York, New York. As the event giving rise to this action occurred in Manhattan, it may be venued in the Southern District of New York.

Based upon the foregoing, we respectfully request that a pre-motion conference be scheduled to address the issue of transfer of this action to the United States District Court for the Southern District of New York. Pursuant to Your Honor's rules, plaintiff may serve a letter response to this application within seven days of service.

Respectfully submitted,

/S/

MICHAEL D. SHALHOUB (MS 2879)
(914) 798-5471

/MJM

Cc:    Derek T. Smith, Esq.  (DS 1747)
       AKIN & SMITH, LLC
       Attorneys for Plaintiffs
       305 Broadway, Suite 1101
       New York, New York  10007

114706.1

# GOLDBERG SEGALLA LLP

*Attorneys at Law*

Michael D. Shalhoub
Partner
Direct dial 914.798.5471
mshalhoub@goldbergsegalla.com

170 Hamilton Ave. / Suite 203
White Plains, New York 10601-1717
914.798.5400  FAX 914.798.5401
www.goldbergsegalla.com

July 3, 2008

**Via Fax: 212-587-0760**

Akin & Smith, LLC
305 Broadway, Suite 1101
New York, New York 10007

> **RE: Prendergast v. Analog Modules**
> **Index No.: 08-CV-1329**
> **Our Legal File No.: 7653.0001**

Dear Sir/Madam:

As you are aware, our office represents the defendant Analog Modules, Inc. with regard to the above mentioned matter. Upon consent from your office, please be advised that our office requested an adjournment of the conference scheduled for July 10, 2008. As we've discussed, the Court has rescheduled the conference to July 17, 2008 at 2:00 PM. Please be advised there will still be an initial discovery conference on July 24, 2008.

Kindly mark your calendar accordingly. If you have any questions or concerns regarding same, please do not hesitate to contact the undersigned

Very Truly Yours,

Michael D. Shalhoub

MDS/rc

cc: USDC/Hon. John Gleeson
    Via ECF & Fax: 718-613-2456

CIVIL CAUSE FOR CONFERENCE: Pre Motion Conference

Before JUDGE: __GLEESON__    DATE: 7/17/08    TIME: 2:00pm - 2:10pm.

Docket Number: 08 CV 1329

TITLE: Prendergast v. Analog Modules, Inc.

Courtroom Deputy: __Ilene Lee__    CR: Shelly Silverman

APPEARANCES:

FOR PLAINTIFF: Ismail Sekendiz

FOR PLAINTIFF: _____

FOR DEFENDANT: Michael D. Shalhoub.

FOR DEFENDANT: _____

✓ CASE CALLED.

___ COUNSEL FOR_____NOT PRESENT.

___ STATUS CONFERENCE HELD.

___ CASE MARKED READY FOR JURY TRIAL ON_____ @ _____.

___ PARTIES ADVISE THE COURT THAT THE CASE HAS BEEN SETTLED.

___ ALL DISCOVERY TO BE COMPLETED BY_____.

✓ Defendant's MOTION ~~to~~ for a transfer of venue to the Southern District of New York

✓ PRE-MOTION CONFERENCE HELD.

BRIEFING SCHEDULE:
Motion due: _____ Opposition/Response due: _____ Replies due: _____

___ ORAL ARGUMENT/MOTION HEARING HELD ___ Motion GRANTED ___ Motion DENIED

___ DECISION RESERVED ___ DECISION READ INTO THE RECORD.

___ ORDER TO BE SUBMITTED BY_____

___ ORAL ARGUMENT/MOTION HEARING ADJOURNED TO_____.

- Both parties agree to have the venue transferred.
- Stipulation is to be filed by the parties via ECF.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

RYAN PRENDERGAST,                                1:08-cv-1329(JG)(VVP)

      Plaintiff,

                  **STIPULATION AND ORDER**

 -against-

ANALOG MODULES, INC.,                            Hon. John Gleeson

       Defendant.
-------------------------------------------------------------X

     Defendant, ANALOG MODULES, INC., having submitted a letter request dated June 23,

2008 seeking a Pre-Motion conference in the anticipation of making a motion to transfer venue of

this case from the Eastern District of New York to the Southern District of New York, and this

matter come on to be heard before the Honorable Judge John Gleeson on July 17, 2008, and

plaintiff's counsel having indicated their consent to the transfer of venue as requested by the

defendant.

     **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned

attorneys for all the parties herein that:

     1.   The venue of this matter shall be transferred from the Eastern District of New York

to the Southern District of New York.

Dated: White Plains, New York
    July 21, 2008

             Respectfully Submitted,

             GOLDBERG SEGALLA, LLP

             MICHAEL D. SHALHOUB (MS 2879)
             *Attorneys for Defendant*
             170 Hamilton Ave., Suite 203
             White Plains, New York 10601-1717
             (914)798-5471

Respectfully submitted,

AKIN & SMITH, LLC

DEREK T. SMITH, ESQ. (DS 1747)
*Attorneys for Plaintiff*
305 Broadway, Suite 1101
New York, New York 10007
(212) 587-0760

**IT IS SO ORDERED:**

Dated:

UNITED STATES DISTRICT JUDGE
HONORABLE JOHN GLEESON

118802.1

**FedEx** Express · **US Airbill**

FedEx Tracking Number: 8488 7176 6210

Sender's Copy

021-5

**1 From** Please print and press hard.

Date 7/29/08

Sender's FedEx Account Number

Sender's Name Francine Piper

Phone (718) 613-2610

Company US DISTRICT COURT  08 CV 1329 (JG)

Address 225 CADMAN PLZ E RM 130

City BROOKLYN State NY ZIP 11201-1818

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

**3 To**

Recipient's Name CLERK OF COURT

Phone ( )

Company United States District Court  Southern District of New York

Recipient's Address 120 DANIEL PATRICK MOYNIHAN  500 Pearl Street
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
To request a package be held at a specific FedEx location, print FedEx address here.

City New York State NY ZIP 10007-1312

**Try online shipping at fedex.com**
By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability.
**Questions? Visit our Web site at fedex.com**
or call 1.800.GoFedEx 1.800.463.3339.

0285564596

**4a Express Package Service**                  Packages up to 150 lbs.
- [ ] FedEx Priority Overnight
- [x] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**                   Packages over 150 lbs.
- [ ] FedEx 1Day Freight
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**
- [x] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling**    Include FedEx address in Section 3.
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday at FedEx Location
- [ ] HOLD Saturday at FedEx Location

Does this shipment contain dangerous goods?
- [ ] No
- [ ] Yes  As per attached Shipper's Declaration
- [ ] Yes  Shipper's Declaration not required
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to:
- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

Total Packages       Total Weight       Total Declared Value
$                    .00

**8 Sign to Authorize Delivery Without a Signature**

466

FedEx Use Only